# EXHIBIT A

EXHIBIT A

COPY

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KAISER FOUNDATION HEALTH PLAN, INC., a corporation; and DOES 1 through 10 inclusive,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2018

J. Marcial

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TIFFANY GRETLER, an individual on behalf of herself and all others similarly situated;
LAURA CARMONA, an individual on behalf of herself and all others similarly situated;
SHELIA TAYLOR an individual on behalf of herself and all others similarly situated;
SHALYSE KEMP an individual on behalf of herself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:   Riverside Historic Courthouse
*(El nombre y dirección de la corte es):*
4050 Main Street, Riverside, CA 92501

**CASE NUMBER:**
*(Número del Caso):*
RIC 1805047

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Azadian Law Group, PC; 780 E. COLORADO BLVD 9TH FLOOR; PASADENA, CA 91101; (626) 449-4944

| DATE: *(Fecha)* | MAR 13 2018 | Clerk, by *(Secretario)* | J. Marcial | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Kaiser Foundation Health Plan, Inc., a corporation
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use.
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



AZADIAN LAW GROUP, PC
GEORGE S. AZADIAN (SBN 253342)
ANI AZADIAN (SBN 284007)
EDRIK MEHRABI (SBN 299120)
790 E. Colorado Blvd., 9th Floor
Pasadena, California 91101
Ph.:    (626) 449-4944
Fax:    (626) 628-1722
Email: George@azadianlawgroup.com

Attorneys for Plaintiffs,
TIFFANY GRETLER, LAURA CARMONA, SHELIA TAYLOR, SHALYSE KEMP,
and the Class

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2018

J. Marcial

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

TIFFANY GRETLER, an individual on behalf of herself and all others similarly situated; LAURA CARMONA, an individual on behalf of herself and all others similarly situated; SHELIA TAYLOR an individual on behalf of herself and all others similarly situated; SHALYSE KEMP an individual on behalf of herself and all others similarly situated

                              Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., a corporation; and DOES 1 through 10 inclusive,

                              Defendants.

CASE NO. **RIC 1805047**

**CLASS ACTION**

**PLAINTIFFS' CLASS ACTION COMPLAINT FOR:**
1. **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198, 1199 AND WAGE ORDER 4-2001**
2. **VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 AND 512 AND WAGE ORDER 4-2001 (MEAL PERIODS)**
3. **VIOLATION OF CALIFORNIA LABOR CODE § 226.7 AND WAGE ORDER 4-2001 (REST PERIODS)**
4. **VIOLATION OF CALIFORNIA LABOR CODE § 226(a) (NON-COMPLIANT WAGE STATEMENTS)**
5. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**

**JURY TRIAL DEMANDED BY PLAINTIFFS**

**PLAINTIFFS' CLASS ACTION COMPLAINT**

1        Plaintiffs Tiffany Gretler, Laura Carmona, Shelia Taylor, and Shalyse Kemp

2 (together, "Plaintiffs") allege as follows on knowledge as to their own acts/interactions,

3 and on information and belief as to all other matters:

4 **JURISDICTION AND VENUE**

5      1.      This Court has personal jurisdiction over Defendant because it conducts

6 business in the State of California.

7      2.      Under California Code of Civil Procedure section 395(a), venue is proper in

8 this County because Defendant does business in this County and the harm to Plaintiffs

9 occurred in this County.

10 **PARTIES**

11      3.      Plaintiff Tiffany Gretler ("Plaintiff Gretler") at all times relevant hereto,

12 was and is a resident of the State of California.

13      4.      Plaintiff Laura Carmona ("Plaintiff Carmona") at all times relevant hereto,

14 was and is a resident of the State of California.

15      5.      Plaintiff Shelia Taylor ("Plaintiff Taylor") at all times relevant hereto, was

16 and is a resident of the State of California.

17      6.      Plaintiff Shalyse Kemp ("Plaintiff Kemp") at all times relevant hereto, was

18 and is a resident of the State of California.

19      7.      Plaintiffs are informed and believe that Defendant Kaiser Foundation

20 Health Plan, Inc. ("Defendant") is a corporation organized and existing under the laws of

21 California, with its principal place of business located at 1 Kaiser Plaza, Oakland,

22 California.

23      8.      The true names and capacities of the defendants named herein as Does 1

24 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown

25 to Plaintiffs who therefore sues such defendants by fictitious names pursuant to

26 California Code of Civil Procedure section 474. Plaintiffs are informed and believe that

27 all of the Doe defendants are California residents. Plaintiffs will amend this Complaint to

28 show such true names and capacities when they have been determined.

-1-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

9.      Plaintiffs are informed and believe that at all times relevant herein, each defendant designated, including Does 1 through 10, was the agent, managing agent, principal, owner, partner, joint venture, representative, manager, servant, employee and/or co-conspirator of each of the other defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

## PLAINTIFFS' FACTUAL ALLEGATIONS

10.     Plaintiffs are current employees of Defendant and have the job title of "National Timekeeping Coordinator" also sometimes referred to as "Time System Coordinator."

11.     Since approximately 2015, all Timekeeping Coordinators worked from a centralized location at a call center in Corona, California.

12.     Plaintiff Gretler started as a Timekeeping Coordinator in approximately December of 2015.

13.     Plaintiff Carmona started as a Timekeeping Coordinator in approximately August of 2017.

14.     Plaintiff Taylor started as a Timekeeping Coordinator in approximately April of 2016.

15.     Plaintiff Kemp started as a Timekeeping Coordinator in approximately July of 2015.

16.     Defendant misclassified Plaintiffs and all other Timekeeping Coordinators as exempt employees not entitled to overtime pay.

17.     Timekeeping Coordinators are not required to have any college degree (neither Plaintiff Gretler nor Plaintiff Carmona have a college degree), professional certificates or licenses, and they do not manage or supervise other employees.

-2-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

18.     Plaintiffs and the other Timekeeping Coordinators were micromanaged employees who do not spend the majority of their working time exercising discretion or independent judgment in performing their duties.

19.     Plaintiffs and the other Timekeeping Coordinators engage in routine and repetitive tasks that do not involve any significant time being spent on a comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered.

20.     As detailed below, the job duties of Plaintiffs and the other Timekeeping Coordinators consist mainly of: (1) answering a high volume of calls and providing set responses during their scheduled hours at work; (2) repetitive data entry related to processing standardized payroll forms; and (3) repetitive processing of pay period adjustments.

21.     In total, Plaintiffs and other Timekeeping Coordinators work approximately 15-30 hours a week of overtime (hours in excess of eight (8) hours a day or forty (40) hours a week) and are not compensated for overtime due to their misclassification as exempt employees.

22.     In order to work from home, Defendant provides Plaintiffs and other Timekeeping Coordinators with a laptop that is taken home with the employee, and brought back to work for their scheduled call center hours (the same computer is used at work through a docking station at the call center).

23.     With regard to answering a high volume of calls and generally providing set responses, Plaintiffs and other Timekeeping Coordinators generally spend over 80-90% of the hours they are scheduled to work at the Corona call center answering calls.

24.     Plaintiffs and the other Timekeeping Coordinators, answer calls from Defendant's managers and the managers from Defendant's affiliated/controlled companies or organizations who are considered "timekeepers" or "approvers" of employees' timecards.  These managers include timekeepers or approvers from

-3-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

1    Defendant, Kaiser Foundation Hospitals, Southern California Permanente Medical

2    Group, The Permanente Medical Group, Inc., and other affiliated Kaiser entities.

3         25.    Plaintiffs and the other Timekeeping Coordinators generally answer

4    approximately 400 or more calls a month (ranging from 20-40 calls a day).  In addition,

5    Timekeeping Coordinators can also email their questions and Plaintiffs and the other

6    Timekeeping Coordinators largely respond with template email responses (5-10 emails a

7    day with similar questions that can be asked over the phone).

8         26.    There is a thirty (30) second rest period between calls to finalize any notes

9    or send out a template email to the manager who called.  Thereafter, Plaintiffs and the

10   other Timekeeping Coordinators are marked as "available" to receive another call.

11        27.    If Plaintiffs or the other Timekeeping Coordinators are not ready for a call

12   they must electronically designate themselves as not ready for a call.  In the event

13   Plaintiffs or the other Timekeeping Coordinators electronically designate themselves as

14   not ready for a call for any period other than their designated lunch time, a supervisor

15   will see why they are not ready.

16        28.    Even the times when Plaintiffs and the other Timekeeping Coordinators are

17   permitted to have a meal is micromanaged by management in order to ensure they are

18   answering repetitive and routine calls.

19        29.    Defendant tracks how many seconds it takes Plaintiffs and the other

20   Timekeeping Coordinators to answer the phone (speed to answer) and track the number

21   of calls received and number of calls answered.  If a Timekeeping Coordinator is below

22   the average or quota set for the number of calls, they are reprimanded and face

23   termination.

24        30.    Plaintiffs and the other Timekeeping Coordinators are required to be at

25   their desk at all times during their scheduled shifts.  If Plaintiffs are not on calls during

26   their scheduled hours for more than ten to fifteen (10-15) minutes, a manager will "ping"

27   the employee (through Skype) to determine why they are not on the phone.

28

**PLAINTIFFS' CLASS ACTION COMPLAINT**

31.     Calls will generally last for five (5) minutes and if a call lasts fifteen (15) minutes, a manager will "ping" the employee to inquire why the call has not been completed because the answers provided are generally very routine and should not take any significant amount of time to ascertain.

32.     A very large portion of the calls from managers are responded to with simple, form responses either verbally or through template emails.  For example, the following are routine calls generally received by Plaintiffs and other Timekeeping Coordinators that are responded to with standard responses either verbally or through template emails:

   a.   Can you walk me through how to do a pay period adjustment?
   b.   Can you remove the HK60 error message?
   c.   How do I code holiday on a timecard?
   d.   I can't clock in for work, I'm getting an error.
   e.   Can you reset my password?
   f.   My computer is frozen, what do I do?
   g.   Can you tell me how to review my time card?
   h.   How do I approve my employees' timecards?
   i.   I sent a Form 3646 form yesterday. Do you know when it will be processed?
   j.   Is an employee eligible for a shift differential if the employee is scheduled for night shifts but works days?

33.     When a manager/timekeeper has a question related to a specific employee or an employee calls with a question (such as if they are eligible for a specific holiday), Plaintiffs and other Timekeeping Coordinators enter the employee's ID number and the database called "My HR" directs them to the applicable collective bargaining agreement and pay practice policy for the specific employee to obtain the answer.  This function does not require anything more than the use of skill in applying well-established techniques, procedures and specific standards described in manuals or other sources that Plaintiffs and other Timekeeping Coordinators are directed to for any specific employee.

34.     Plaintiffs and other Timekeeping Coordinators cannot make changes to timecards without manager/timekeeper approval.

-5-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

35.     Plaintiffs are informed and believe that Defendant operates another call center where non-exempt hourly employees (National Payroll Coordinators) provide a similar function related to questions and issues pertaining to employees' rate of pay or whether the employee was underpaid or overpaid based on their rates of pay.

36.     With regard to the repetitive data entry related to processing standardized payroll forms (generally done during the thirty (30) minute period they are permitted to be off the phone for lunch and from home after the employees' scheduled call center hours), Plaintiffs and other Timekeeping Coordinators would generally spend ten (10) hours a week in addition to their scheduled call center hours performing data entry.  This data entry is for Forms 3644 and 3646.  On average, Plaintiffs and other Timekeeping Coordinators complete the data entry for approximately 350 forms a month.

37.     Form 3644 is a form completed by an employee who requests to view their own time card.  The employee fills out the form then the Timekeeping Coordinators view the form on "Case Manager" (a program that is part of My HR)before entering the information from the Form 3644 into "Mainframe" (the centralized time system used by Defendant).

38.     Form 3646 is a form used to add a new employee or if an employee transfers.  This form is filled out by the newly hired or recently transferred employee's manager.  A manager/ timekeeper fills out the form then the Timekeeping Coordinators view the form on "Case Manager" (a program that is part of My HR)before entering the information from the Form 3646 into "Mainframe" (the centralized time system used by Defendant).

39.     Plaintiffs are informed and believe that Defendant utilizes non-exempt hourly employee to conduct the similar data entry related to Form 3645 (a form used to change a primary approver or adding an alternate approver).

40.     With regard to the repetitive processing of pay period adjustments (generally done during the thirty (30) minute period they are permitted to be off the phone for lunch and from home after the employees' scheduled call center hours),

-6-

1    Plaintiffs and other Timekeeping Coordinators generally spend another five (5) hours a

2    week in addition to their scheduled call center hours processing pay period adjustments.

3    On average, Plaintiffs and other Timekeeping Coordinators process approximately 525

4    pay period adjustments a month.

5         41.    A pay period adjustment is needed when a manager/timekeeper incorrectly

6    codes time (such as inputting overtime when it was not overtime) or when an employee

7    forgets to punch in or punch out.  The pay period adjustment is submitted by the

8    manager/timekeeper through Mainframe.  Plaintiffs and other Timekeeping Coordinators

9    merely see if the adjustment is positive (resulting in increased money to the employee).

10   If the adjustment is positive, Timekeeping Coordinators select approve and the

11   information is sent to Defendant's payroll for processing.  If the adjustment is negative

12   (resulting in decreased money to the employee), Timekeeping Coordinators send a

13   template email to the manager/timekeeper to have a form authorization signed by the

14   employee, obtains the authorization once it is returned, and transmits the authorization to

15   payroll for processing.

16                         **CLASS ACTION ALLEGATIONS**

17        42.    This class action is filed under the provisions of Code of Civil Procedure

18   section 382, which provides that a class action may be brought when the question is one

19   of common interest to many persons, or when the number of persons is numerous and it

20   is impractical to bring them all before the court.  This action is properly maintained as a

21   class action as set forth below.

22        43.    Plaintiffs brings this action on behalf of themselves and all others similarly

23   situated in the "Class", as follows:

24        **All persons within California who worked for Defendant as in the**

25        **position of "National Timekeeping Coordinator," "Time Systems**

26        **Coordinator," or persons with similar titles and/or similar job duties at**

27

28

-7-

1    **any time on or after the date that is four (4) years prior to the filing of**

2    **this lawsuit.**

3        44.    Plaintiffs reserve the right to amend the class definition to seek recovery on

4    behalf of additional persons as warranted as facts are learned through further

5    investigation and discovery.

6        45.    <u>Numerosity</u>:  Plaintiffs do not know the number of members in the

7    proposed class, but believe, based on Defendant's number of Timekeeping Coordinators,

8    turnover of employees during the statutory period, and investigation of counsel, that the

9    number is approximately 150 employees, if not substantially higher.  Thus, joinder of all

10    members of the Class is impractical due to the number of members and relatively small

11    value of each member's claim.

12        46.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of each member of

13    the Class because Plaintiffs work and/or worked for Defendant as Timekeeping

14    Coordinators, were improperly classified as exempt employees, worked more than eight

15    (8) hours in a day and/or forty (40) hours in a week during their employment, did not

16    receive any overtime compensation, and did not receive meal and rest periods in

17    compliance with the requirements of California law.

18        47.    <u>Commonality</u>:  The members of the Class share a well-defined community

19    of interest regarding questions of law and fact, which predominate over questions that

20    may affect individual members of the Class.  These common questions of law and fact

21    include (but are not limited to):

22            (a)    Whether Defendant can meet its burden of proving that it properly

23    classified Timekeeping Coordinators as exempt;

24            (b)    Whether Defendant paid Plaintiffs and members of the Class for all

25    hours Defendant suffered and/or permitted them to work;

26            (c)    Whether Defendant required Plaintiffs and members of the Class to

27    work over eight (8) hours per day and/or over forty (40) hours per week, and failed

28    to pay the legally required overtime compensation;

-8-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

(d)     Whether Defendant required Plaintiffs and members of the Class to work over twelve (12) hours per day and/or over forty (40) hours per week, and failed to pay the legally required overtime compensation;

(e)     Whether Defendant falsely informed Plaintiffs and members of the Class that they were exempt employees not entitled to overtime compensation;

(f)     Whether Defendant provided Plaintiffs and members of the Class with laptops and remote access so that they could continue to work from home late into the night or during the weekends;

(g)     Whether Defendant and its management regularly witnessed Plaintiffs and members of the Class leaving the office after much longer than eight (8) hours of work;

(h)     Whether Defendant knew or should have known that Plaintiffs and members of the Class were entitled to receive certain wages for overtime compensation;

(i)     Whether Defendant failed to timely pay all wages due to Plaintiffs and members of the Class during their employment;

(j)     Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code sections 17200, et seq.;

(k)     Whether Plaintiffs and the class are entitled to compensatory damages pursuant to the California Labor Code; and

(l)     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violations of California law.

48.    Predominance:  The questions that are common to all class members predominate over any questions that are unique to individual class members because the answers to these questions will determine Defendant's liability to all class members and any remaining individual questions with respect to amounts of relief may be resolved by reference to Defendant's payroll records or a damages phase of the case.

PLAINTIFFS' CLASS ACTION COMPLAINT

49.   <u>Superiority</u>:  A class action is vastly superior to other available means for the fair and efficient adjudication of class members' claims.  Because this case involves large numbers of employees, most, if not all, of whom have relatively small individual claims, it would be beneficial to the parties and this Court to allow them to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  Additionally, because the monetary amounts due to many individual class members are likely to be relatively small, it would make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

50.   <u>Ascertainable Classes</u>:  The members of the Class can be easily ascertained from Defendant's payroll records and other records maintained by Defendant.

51.   <u>Adequacy Of Class Representatives</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.  There are no material conflicts between the claims of Plaintiffs and the members of the Class that would make class certification inappropriate.

52.   <u>Adequacy Of Class Counsel</u>:  Plaintiffs have retained counsel experienced in handling class action claims and wage & hour claims.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194(A), 1198, 1199 AND WAGE ORDER 4-2001

### (BY PLAINTIFFS AND THE CLASS AGAINST DEFENDANT)

53.   Plaintiffs incorporate by this reference all the preceding and subsequent paragraphs.

-10-

PLAINTIFFS' CLASS ACTION COMPLAINT

54.   At all relevant times, the California Industrial Wage Orders and California Code of Regulations were in effect and binding on Defendant.

55.   Subdivision 3 of Wage Order 4-2001 provides that:

(A)   Daily Overtime – General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work.  Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked In excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

-11-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

56.     At all relevant times, Labor Code § 510 was in effect and binding on Defendant.  The pertinent part of Labor Code § 510 provides that:

> (a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

57.     At all relevant times, California Labor § 1194 was in effect and binding on Defendant.  Labor Code § 1194 provides in relevant part:

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's, and costs of suit.

58.     At all relevant times, California Labor § 218.5 was in effect and binding on Defendant.  Labor Code § 218.5 provides in relevant part:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

**PLAINTIFFS' CLASS ACTION COMPLAINT**

59.   At all relevant times, Plaintiffs and members of the Class were misclassified as exempt employees.

60.   At all relevant times, Plaintiffs and members of the Class were subject to the overtime provisions of the California Industrial Welfare Commission's Wage Orders.

61.   Throughout their employment, Plaintiffs and members of the Class regularly and with Defendant's knowledge worked more than eight (8) hours in working day.  Plaintiffs allege that they sometimes even worked more than 12 hours in a working day.

62.   Plaintiffs allege that Defendant did not pay 1 ½ times the legal minimum hourly wage rate for all the hours worked over eight (8) hours in a work day and/or 40 hours in a work week.  Plaintiffs allege that Defendant did not pay two times the legal minimum hourly rate for all the hours worked over 12 hours in a work day.

63.   During the relevant time period, Defendant intentionally and willfully failed to pay for all hours Defendant suffered and/or permitted Plaintiffs and members of the Class to work, including for overtime hours.

64.   Plaintiffs and members of the Class allege that wages are due to them for all hours worked during which they were not paid proper overtime wages pursuant California Labor Code §§ 510 and 1194 and all applicable laws, rules, orders, requirements and regulations.

65.   Plaintiffs and members of the Class demand all applicable reimbursements, interest and penalties for her lost overtime wages.  Plaintiffs  and members of the Class further demand reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§ 218.5, 1194, and any other applicable statute or regulation.

-13-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

**VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 226.7, 512 AND WAGE ORDER 4-2001 (MEAL PERIODS)**

**(BY PLAINTIFFS AND THE CLASS AGAINST DEFENDANT)**

66.    Plaintiffs incorporate by this reference all preceding and subsequent paragraphs.

67.    California Labor Code section 512(a) states (in relevant part): "An employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

68.    Section 11(A) of the applicable Industrial Welfare Commission Wage Orders provides (in relevant part): "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

69.    California Labor Code section 226.7(b) provides: "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

70.    Defendant worked Plaintiffs and members of the Class more than five (5) hours per day without an off-duty, timely, and/or uninterrupted 30-minute meal period as required by California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.

71.    Plaintiffs and members of the Class demand all applicable reimbursements, interest, and penalties.

-14-

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 226.7 AND WAGE ORDER 4-2001 (REST PERIODS)

### (BY PLAINTIFFS AND THE CLASS AGAINST DEFENDANT)

72.     Plaintiffs incorporate by this reference all preceding and subsequent paragraphs.

73.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

74.     At all relevant times, the applicable Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3 ½) hours."

75.     During the relevant time period, Defendant required Plaintiffs and members of the Class to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

76.     During the relevant time period, Defendant willfully required Plaintiffs and members of the Class to work during rest periods and failed to pay the full rest period premium for work performed during rest periods.

77.     During the relevant time period, Defendant failed to pay Plaintiffs and members of the Class the full rest period premium due pursuant to California Labor Code section 226.7.  Defendant's conduct violates applicable Wage Orders and California Labor Code section 226.7.

78.     Pursuant to the applicable Industrial Welfare Commission Wage Order and California Labor Code section 226.7(b), Plaintiffs and members of the Class are entitled

-15-

1   to recover from Defendant one additional hour of pay at the employee's regularly hourly
2   rate of compensation for each work day that the rest period was not provided.

3        79.    Plaintiffs and members of the Class demand all applicable reimbursements,
4   interest, and penalties.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE § 226(a)

## (NON-COMPLIANT WAGE STATEMENTS)

## (BY PLAINTIFF AND ALL CLASS AGAINST DEFENDANT)

9        80.    Plaintiffs incorporate by this reference all preceding and subsequent
10  paragraphs.

11       81.    At all material times set forth herein, California Labor Code section 226(a)
12  provides that every employer shall furnish each of his employees an accurate itemized
13  statement in writing showing (1) gross wages earned, (2) total hours worked by the
14  employee, (3) the number of piece-rate units earned and any applicable piece rate if the
15  employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions
16  made on written orders of the employee may be aggregated and shown as one item, (5)
17  net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7)
18  the name of the employee and his or her social security number, (8) the name and address
19  of the legal entity that is the employer, and (9) all applicable hourly rates in effect during
20  the pay period and the corresponding number of hours worked at each hourly rate by the
21  employee.

22       82.    Due to their misclassification as an exempt employee, Defendant
23  intentionally and willfully failed to provide Plaintiffs and members of the Class with
24  complete and accurate wage statements.  The deficiencies include, but are not limited to:
25  the failure to include total hours worked by the employee.

26       83.    As a result, Plaintiffs and members of the Class have suffered injury and
27  damage to their statutory-protected rights.

28

84.     Plaintiffs and members of the Class demand damages under California Labor Code section 226 of an aggregate penalty not exceeding four thousand dollars per employee.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

## (PLAINTIFF AND ALL CLASS AGAINST DEFENDANT)

85.     Plaintiffs incorporate by this reference all preceding and subsequent paragraphs.

86.     Business and Professions Code § 17200, et seq. ("UCL"), defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business practice.

87.     At all times relevant herein the UCL was in full force and effect and binding on Defendant.

88.     The actions alleged herein by Defendant were "unlawful" under the UCL based on the violations of each of the statutes and regulations alleged herein. Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, members of the Class, the general public, and to Defendant's competitors.

89.     Plaintiffs and members of the Class have been personally injured by Defendant's unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

90.     Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and members of the Class are entitled to restitution of the wages withheld and retained by Defendant, an injunction requiring Defendant to appropriate classify the Class as non-exempt employees, and an injunction requiring Defendant to pay all outstanding wages due to Plaintiffs and class members.

## JURY TRIAL DEMANDED

91.     Plaintiffs demand a jury trial.

-17-

PLAINTIFFS' CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

92.    WHEREFORE, Plaintiffs respectfully requests the Court grant Plaintiffs and the members of the Class the following relief against Defendant:

        (a)    For an order certifying each of the Class under California Code of Civil Procedure section 382;

        (b)    For appointment of Plaintiffs as representatives of the Class;

        (c)    For general economic and non-economic damages according to proof;

        (d)    For special damages according to proof;

        (e)    For prejudgment interest pursuant to California Civil Code section 3287 and/or California Civil Code section 3288 and/or any other provision of law providing for prejudgment interest;

        (f)    For attorneys' fees where allowed by law;

        (g)    For costs of suit incurred herein; and

        (h)    For such other and further relief as this Court deems just and proper.

Dated: March 13, 2018

Respectfully submitted,
AZADIAN LAW GROUP, PC

By: _____
George S. Azadian
Attorneys for Plaintiffs,
TIFFANY GRETLER, LAURA CARMONA,
SHELIA TAYLOR, SHALYSE KEMP, and
the Proposed Class

-18-

**PLAINTIFFS' CLASS ACTION COMPLAINT**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ BANNING 311 E. Ramsey St., Banning, CA 92220
- ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
- ☐ HEMET 880 N. State St., Hemet, CA 92543
- ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

- ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☒ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
- ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar Number and Address)*:
George S. Azadian (SBN 253342) / Edrik Mehrabi (SBN 299120)
AZADIAN LAW GROUP, PC
790 E. Colorado Blvd., 9th Floor
Pasadena, California 91101

TELEPHONE NO: (626) 449-4944   FAX NO. (Optional): (626) 628-1722
E-MAIL ADDRESS (Optional): george@azadianlawgroup.com
ATTORNEY FOR (Name): Plaintiffs, Tiffany Gretler, Laura Carmona, Sheila Taylor

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2018

J. Marcial

4RB
MAR 14 2018

PLAINTIFF/PETITIONER: Tiffany Gretler, et al.

DEFENDANT/RESPONDENT: Kaiser Foundation Health Plan, Inc.

CASE NUMBER:
**RIC 1805047**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of:      92879

☐  The action concerns real property located in the zip code of:

☒  The Defendant resides in the zip code of:      94612

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  March 13, 2018

Edrik Mehrabi
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶                                              (SIGNATURE)

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localrules/localrules.shtml

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 06/15/13]

**CERTIFICATE OF COUNSEL**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| George S. Azadian (SBN 253342) / Edrik Mehrabi (SBN 299120)<br>AZADIAN LAW GROUP, PC<br>790 E. Colorado Blvd., 9th Floor<br>Pasadena, California 91101<br>TELEPHONE NO.: (626) 449-4944   FAX NO.: (626) 628-1722<br>ATTORNEY FOR *(Name):* Plaintiffs, Tiffany Gretler et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Tiffany Gretler, et al. v. Kaiser Foundation Health Plan, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC 18 05047 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402). | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2018

Edrik Mehrabi
*(TYPE OR PRINT NAME)*                                        *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

AMCI

MAR 2 1 2018

#### NOTICE OF ASSIGNMENT TO DEPARTMENT
#### AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

GRETLER VS KAISER FOUND,

CASE NO. RIC1805047

This case is assigned to the Honorable Judge Craig G. Riemer in Department 05  for all purposes.

The Case Management Conference is scheduled for 05/21/18 at  8:30 in Department 05.

Department 5  are located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall  serve  a  copy  of  this  notice  on  all  defendants/cross-defendants  who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed  in accordance with that section.

Requests for  accommodations  can  be  made  by  submitting  Judicial  Council  form  MC-410 no  fewer  than five court days before the hearing. See California Rules of Court, rule 1.100.

#### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am  not  a  party  to  this  action  or  proceeding.    In  my  capacity,  I  am  familiar  with  the  practices  and procedures  used  in  connection  with  the  mailing  of  correspondence.    Such  correspondence  is  deposited in  the  outgoing  mail  of  the  Superior  Court.    Outgoing  mail  is  delivered  to  and  mailed  by  the  United  States Postal  Service,  postage  prepaid,  the  same  day  in  the  ordinary  course  of  business.    I  certify  that  I  served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

by: _____

JOANNA MARCIAL, Deputy Clerk

Date: 03/19/18

ccadcc
12/11/14

Notice 'CCADCC' has been printed for the following Attorneys/Firms
or Parties for Case Number RIC1805047 on  3/19/18:


    AZADIAN LAW GROUP PC
    790 E COLORADO BLVD
    9TH FLOOR
    PASADENA, CA 91101