UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:    [IN CHAMBERS] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Tiffany Gretler, Laura Carmona, Shelia Taylor, and Shalyse Kemp sued their employers Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group, asserting various wage and hour violations under state and federal law. (*See generally* First Am. Class Action Compl. ("FAC"), Dkt. No. 1-3.) Plaintiffs filed this case on behalf of themselves and all others similarly situated. (*Id.*) The parties have reached a settlement, and Plaintiffs now ask the Court to, among other things, preliminarily approve the settlement. (Mot., Dkt. No. 17.) Defendants don't oppose Plaintiffs' motion. (Notice of Non-Opp'n, Dkt. No. 18.)

The Court GRANTS Plaintiff's motion for preliminary approval of class action settlement. The Court ORDERS that the final approval hearing be set **July 22, 2019 at 10:00 a.m.**

1.     **CLASS CERTIFICATION**

A plaintiff seeking class certification must first show that a proposed class satisfies all four of Federal Rule of Civil Procedure 23(a)'s elements: (1) numerosity; (2) commonality;
(3) typicality; and (4) adequacy of representation by the class representatives and class counsel. Fed. R. Civ. P. 23(a). A plaintiff seeking class certification must also show that a proposed class satisfies the requirements of at least one of Rule 23(b)'s three subsections:
(1) that prosecuting separate actions would create a risk of inconsistent or varying adjudications; (2) that the party opposing class certification has acted or failed to act on grounds that apply generally to the class; or (3) that questions of law or fact common to class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

members predominate over any questions affecting only individual members and a class action is superior to other available methods for adjudicating the dispute. Fed. R. Civ. P. 23(b)(1)–(3).

These requirements aren't just pleading standards. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A party seeking class certification must affirmatively demonstrate that these requirements have been met, and survive a rigorous analysis that may dip into an evaluation of the case's merits. *Id.* at 350–51. And the class certification analysis doesn't become less rigorous because a case is headed towards settlement. Indeed, courts "must pay 'undiluted, even heightened, attention' to class certification requirements in a settlement context." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). Among other things, courts must be on the look out for improper collusion among the parties. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Plaintiffs first amended class action complaint proposes the following class:

> All persons within California who worked for any of the Defendants as in the position of "National Timekeeping Coordinator," "Time Systems Coordinator," or persons with similar titles and/or similar job duties at any time on or after March 13, 2014.

(FAC at ¶ 45.) The parties' settlement agreement relies on this same class definition. (*See* Mot. at 5 ("The Settlement Class definition mirrors the class definition in the operative Amended Complaint.").)

The proposed settlement class satisfies Rule 23(a)'s four elements. The class consists of approximately 50 members so numerosity is met. (*Id.* at 14); *see Villalpando v. Exel Direct, Inc.*, 303 F.R.D. 588, 605-606 (N.D. Cal. 2014) ("[C]ourts have routinely found the numerosity requirement satisfied when the class compromises 40 or more members.") As for commonality, there do appear to be some differences among the various class members. For example, it appears that class members worked different amounts and had different salaries, which might affect their recovery. (Mot. at 4.) Even considering these issues, the Court concludes that the commonality requirement is met. *See Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule."). Overall, the class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

members all challenge the same employment practices by similar employers during the same period. These and other common questions of fact and law establish that the commonality requirement is met. Further, typicality is met because Plaintiffs' individual claims are identical to those asserted on behalf of the class. The Court cannot identify any conflicts between Plaintiffs, Plaintiffs' attorneys, and the class. These and other facts sufficiently establish that Plaintiffs and their attorneys adequately represent the class.

The proposed settlement class also satisfies one of Rule 23(b)'s three subsections: the Rule 23(b)(3) predominance and superiority standard. Figuring out whether Defendants' employment practices violated the law could establish liability on a class-wide basis. There are limited issues affecting only some class members. And there are common questions that class members share (like whether Defendants misclassified Plaintiffs as exempt employees) that are a "significant aspect of the case and . . . can be resolved for all members of the class in a single adjudication." *Hanlon*, 150 F.3d at 1022 (internal quotation marks and citations omitted). Put simply, issues common to the class predominate over any questions affecting only individual members and a class action is the best way to resolve this dispute.

Another reason conditional class certification is appropriate is that the parties' proposed settlement doesn't appear collusive. *See Bluetooth Litig.*, 654 F.3d at 947. The parties reached this settlement after a full-day mediation session with third-party mediator David A. Rotman, who has experience mediating wage and hour class actions like this one. (Mot. at 4.) The gross settlement amount is roughly 43% of the predicted best-case recovery, which reflects the fact that the settlement represents a compromise between two strongly held and disputed positions. (*Id.* at 20.)

Because class members opt into the FLSA class to release FLSA claims by endorsing their individual settlement payment check, Plaintiffs also request that the Court conditionally certify the proposed FLSA class. (*Id.* at 5, 16.) The analysis for certifying a settlement class under Rule 23 is essentially the same as certifying a settlement class under the FLSA. *See, e.g.*, *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468 (E.D. Cal. 2010). So for all the reasons previously described, the requirements for conditionally certifying the FLSA class are also met here.

Concluding that the proposed classes meet the requirements of Federal Rule of Civil Procedure 23 and the FLSA, the Court CERTIFIES the proposed classes for settlement purposes only. The class period covered by the parties' settlement runs from March 13, 2014

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

to March 18, 2019. The Court provisionally appoints Plaintiffs Tiffany Gretler, Laura Carmona, Shelia Taylor, and Shalyse Kemp as class representatives. The Court provisionally appoints as class counsel George S. Azadian and Edrik Mehrabi of Azadian Law Group, PC. The Court appoints Simpluris, Inc. as the third-party settlement administrator.

**2.    PRELIMINARY APPROVAL OF SETTLEMENT TERMS AND COSTS**

The Court may approve a settlement agreement only "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). District courts must consider various factors in assessing a settlement proposal:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. Because of the danger of improper collusion, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.* But "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027. "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge." *Id.* at 1026. Ultimately, "[s]trong judicial policy favors settlements." *Churchill Vill., LLC. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) (omission and quotation marks omitted) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

Here, the parties' settlement has no reversion and each class member would receive a payment unless the class members opts out. (Mot. at 6-7.) Under the proposed settlement, Defendants will pay a total of $425,000. (*Id.* at 6.) This amount includes the following payments:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

| Amount | Payee |
|---|---|
| $141,666 | Class attorney fees |
| $15,000 | Settlement administrator costs |
| $15,000 | PAGA Penalties ($11,250 to the LWDA and $3,750 to participating class members) |
| $20,000 | Class representatives |
| $15,000 | Litigation costs |

(*Id.* at 6-7). The remaining amount, approximately $218,334, will be distributed to class members. (*Id.* at 7.) Each class member will receive a pro rata portion of this amount based on the number of workweeks each class member worked. (*Id.*) The estimated average payout varies with each of Plaintiffs' eight claims. (*See id.* at 21-26.)

The Court has considered various factors in assessing this class settlement and finds that, at this stage, the settlement is overall fair, reasonable, and appropriate. One important factor is that the parties reached the settlement after significant arms-length negotiations with a third-party mediator. *See In re First Capital Holdings Corp. Financial Prods.*, No. MDL 901, 1992 WL 226321, at *2 (C.D. Cal. June 10, 1992) ("[T]here is typically an initial presumption of fairness where the settlement was negotiated at arm's length.") Further, the parties have traded significant discovery throughout this case. (Mot. at 3-4.) And Plaintiffs' counsel conducted "a thorough investigation into the facts of the class action" by conducting "hours of in-depth interviews" with the four named Plaintiffs and other class members and analyzing numerous documents relating to the job duties at issue. (*Id.* at 18-19.) This tends to show that the settlement is based on a sufficient understanding of what's at stake in this case. Plaintiffs' counsel are experienced employment litigators and have apparently concluded that the benefits of settlement outweigh the risks of continued litigation. The Court is also reassured that the parties have sent the settlement to California's Labor and Workforce Development Agency and that leftover settlement funds don't revert back to Defendants or the parties' attorneys.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

Further, the proposed releases of claims appears fair and reasonable. The scope of released claims is limited to those claims brought by Plaintiffs in this action that relate to the facts alleged in the operative complaint, including the FLSA claims. (*Id.* at 5.) And although the *named* Plaintiffs are subject to a "broader release of all known or unknown claims", this broad release is limited only to these four Plaintiffs. (*Id.* at 5-6.) And as class representatives, they are being compensated for broadly releasing these claims. The Court does, however, have questions about the release section in Plaintiffs' proposed notice. (*See* Proposed Settlement Notice, Dkt. No. 17-1 at Ex. A, Section 8.) Particularly, the Court is concerned that the word "the" in the first line was placed inadvertently and that the most recent amendment to California Civil Code Section 1542 was overlooked. The Court urges the parties revisit this section of the proposed notice to address these apparent errors.

Lastly, considering the unique features of this cases' procedural history, the proposed attorney fee award of 33.3% of the common fund seems reasonable. The requested fee of $141,666 seems like fair compensation for undertaking this complex, risky, expensive, and time-consuming class action on a contingent fee-basis. Plaintiffs' requested fees will be reviewed further at the final approval stage when Plaintiffs' counsel provides more information regarding the hours spent litigating this case.

The Court GRANTS preliminary approval of the class settlement.

**3.      PROPOSED NOTICE**

When a court certifies a class under Rule 23(b)(3), it must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In "plain, easily understood language" the notice must "clearly and concisely" state:

>(i) the nature of the action;
>(ii) the definition of the class certified;
>(iii) the class claims, issues, or defenses;
>(iv) that a class member may enter an appearance through an attorney if the member so desires;
>(v) that the court will exclude from the class any member who requests exclusion;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

(vi) the time and manner for requesting exclusion;
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* Finally, "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotation marks omitted).

The parties agree that a third party, Simpluris, Inc., will send class members a notice packet via first class mail. (Mot. at 10-11.) Class members will have 45 days to request exclusion from or object to the settlement. (*Id.* at 12.) The notice form is six pages and has ten clearly labeled sections. (*See* Proposed Settlement Notice at Ex. A.) The notice also includes an employee information sheet estimating the individual settlement payment of each class member based on Defendants' personnel records. (*Id.*) But the information sheet also makes clear that class members may dispute their estimated settlement payout by submitting information to the settlement administrator. (*Id.*) Further, the notice appropriately describes this case, the terms of the settlement, and what happens next.

The Court therefore concludes that the notice packet and plan complies with Federal rule of Civil Procedure 23.

## 4. FINAL APPROVAL HEARING

A court must hold a hearing before finally determining whether a class settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). Plaintiffs don't propose a date for the final fairness hearing. But based Plaintiffs' timeline for mailing out notice to class members, four months seems like enough time to prepare for the final fairness hearing. So the Court ORDERS that the final fairness hearing be set **July 22, 2019 at 10:00 a.m.** Consistent with this date, the Court ORDERS that Plaintiffs' motion for final approval be filed by **June 24, 2019**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

**5.     DISPOSITION**

The Court GRANTS Plaintiff's motion for preliminary approval of class action settlement. (Dkt. No. 17.) The Court ORDERS that the final approval hearing be set **July 22, 2019 at 10:00 a.m.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |