UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | EDCV 18-02175 AG (KKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**[IN CHAMBERS] ORDER GRANTING FINAL SETTLEMENT APPROVAL AND FEES, COSTS, AND OTHER AWARDS**

Plaintiffs Tiffany Gretler, Laura Carmona, Shelia Taylor, and Shalyse Kemp sued their employers Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group, asserting various wage and hour violations under state and federal law. (*See generally* First Am. Class Action Compl. ("FAC"), Dkt. No. 1-3.) Plaintiffs filed this case on behalf of themselves and all others similarly situated. (*Id.*) The parties have reached a settlement, and Plaintiffs now move for final settlement approval and for fees, costs, and other awards. (Dkt. Nos. 22, 23.) The Court preliminarily approved the settlement in March 2018. (Dkt. No. 20.) Both of Plaintiffs' motions are unopposed.

The Court GRANTS Plaintiffs' motion for final settlement approval. The Court GRANTS Plaintiffs' motion for fees, costs, and other awards.

**1.     BRIEF BACKGROUND**

Very little has changed since the Court preliminarily approved the parties' settlement. The total number of class members is still 50 members. (Decl. of George S. Azadian ("Azadian Decl."), Dkt. No. 22-1 at ¶ 16.) Simpluris, Inc. ("Simpluris"), the parties' claims administrator, was able to deliver the court-approved notice of the class action settlement to all class members. (Decl. of Jeremiah Kincannon ("Kincannon Decl."), Dkt. No. 22-2 at ¶¶ 4-7.) Simpluris received no requests for exclusion and no objections. (*Id.* at ¶¶ 9-10.) Meanwhile, the settlement administrator costs incurred by Simpluris ended up being lower than the $15,000 initially estimated. Indeed, the total costs incurred were ultimately only $6,000. (*Id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

¶¶ 11-12.) The resulting distribution of funds under the settlement agreement is shown in the table that follows.

| | Amount | Payee |
|---|---|---|
| **Total Settlement Amount** | **$425,000** | |
| Settlement Administration Costs | $6,000 | Settlement Administrator |
| Attorney Fees | $141,666 | Class Counsel |
| Litigation Costs | $15,000 | Class Counsel |
| PAGA Penalties | $15,000 | 75% to the LWDA and 25% to participating Class Members |
| Enhancement Award | $20,000 | Class Representatives |
| Net Settlement Amount | $227,334 | Class Members |

Besides the total settlement amount, Defendants will also be paying for the employers' share of any applicable payroll taxes. (Mot. at 6.) The net settlement amount will be distributed to class members on a pro rata basis, calculated based on the number of workweeks each class member worked. (*Id.*) Plaintiffs estimate that the individual settlement payments will be as high as $11,954.19, with the average estimated payment being $4,621.86. (Kincannon Decl. at ¶ 11.) Significantly, no portion of the settlement amount will revert to Defendants. (Mot. at 6.)

**2.      FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

   **2.1   Legal Standard**

A court can approve a class action settlement that binds class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit Court of Appeals has listed several factors that courts must balance to decide whether to approve a class action settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004). These factors include (1) the strength of the plaintiff's case; (2) the risk, expense,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; (8) the reaction of the class members to the proposed settlement; (9) whether the settlement was the product of collusion among the negotiating parties; and (10) notice to the class. *See id.* at 575–76. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court is not required to rely on every factor in every case. Under some circumstances, the presence of a single factor may provide sufficient grounds for court approval. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). At any rate, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge." *Hanlon*, 150 F.3d at 1026. And ultimately, "[s]trong judicial policy favors settlements." *Churchill Vill., LLC v. Seattle*, 361 F.3d 566, 576 (9th Cir. 2004) (omission and quotation marks omitted) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d at 576).

   **2.2**   **Analysis**

Here, the *Churchill* factors weigh in favor of approving the settlement. The parties reached the settlement after significant negotiations with a third-party, who ultimately proposed the final settlement number. (Azadian Decl. at ¶ 14.) No class members objected to the parties' proposed settlement, nor did any class members opt out. (Kincannon Decl. at ¶¶ 9-10.) And the average settlement payout of $4,621.86 compares favorably to other wage and hour class action settlements approved by this Court. *See, e.g., Gabriel Jimenez v. O'Reilly Automotive Inc. et al.*, No. SACV 12-00310 AG (JPRx) (C.D. Cal. June 18, 2018) (approving an average recovery of $835.35). Further, the parties have traded significant discovery throughout this case. (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

Azadian Decl. at ¶¶ 10-13.) Class counsel has conducted in-depth fact gathering from all four class representatives, examined Defendants' policies and practices, and interviewed other class members about the claims in this action (*Id.*) This tends to show that the settlement is based on a sufficient understanding of what's at stake in this case. (*See* Azadian Decl. at 10-13.) Class counsel are experienced employment litigators and have apparently concluded that the benefits of settlement outweigh the risks of continued litigation. (*See id.* at ¶¶ 42-45.)

The Court is also reassured that the parties have sent the settlement to California's Labor and Workforce Development Agency, and that leftover settlement funds don't revert back to Defendants or the parties' attorneys. (*Id.* at ¶ 3; Mot. at 6.) And the release of claims is fair and reasonable since it is limited to those claims brought by Plaintiffs in this action that relate to facts in the operative complaint. (Mot. at 6.) This is true even though the named Plaintiffs are subject to a "broader release of all known or unknown claims" because, as class representatives, they are being compensated for broadly releasing these claims. (*Id.*) The Court is therefore satisfied that the parties' settlement agreement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2).

The Court GRANTS final approval of the class settlement.

**3.     ATTORNEY FEES**

   **3.1     Legal Standard**

"In a certified class action, the court may award reasonable attorney[] fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). But this "discretion must be exercised so as to achieve a reasonable result." *Id.* Courts generally first calculate a fee award using the percentage method, and then use the lodestar method as a "check" on that amount. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). Courts can, "[a]s a final check on the reasonableness of the requested fees, . . . compare the fee counsel seeks as a percentage with what their hourly bills would amount to under the lodestar analysis." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

In assessing a request for attorney fees, courts consider several factors. These factors include: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; (5) awards made in similar cases; and (6) a comparison of the percentage and lodestar methods. *See Vizcaino*, 290 F.3d at 1048–50; *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1046.

### 3.2   Analysis

Plaintiff seeks an award of $141,666 in attorney fees. As the following discussion shows, that's an appropriate amount considering the features of this case.

The Court begins by considering the results achieved by the settlement, since "the most critical factor" in assessing a request for fees "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Here, the total settlement fund is significant, particularly given the relatively small size of the class. Again, the average estimated payout is $4,621.86, and the highest anticipated payout is over $11,000. (Kincannon Decl. at ¶ 11.) To reach this settlement, class counsel had to engage in substantial pre-mediation discovery, defend the merits of this case at mediation, and negotiate the exact terms of the settlement agreement. (Azadian Decl. at ¶¶ 40-41.) Further, the settlement eliminates the risks of continued litigation. Had the parties not settled, Defendants planned on moving for summary judgment, and Plaintiffs would've faced a contested class certification motion. (*See id.* at ¶ 29.)

This level of success reflects in part the skill and experience of class counsel, who have worked for many years in wage and hour litigation. (*Id.* at ¶¶ 42-46.) The rates class counsel ordinarily charge range from $295 to $500 an hour. (*Id.* at ¶ 42.) And class counsel worked a total of 227.8 hours in the months spent litigating this case, on a contingency basis. (*Id.* at ¶ 40.) The Court finds these rates and hours to be reasonable. Using the lodestar method, class counsel's fees would be about $106,102.50. (*Id.* at ¶ 41.) And although class counsel instead seeks $141,666, a 1.33 multiplier on the lodestar amount is appropriate here given the risk of nonpayment involved with a contingency fee. *See Vizcaino*, 290 F.3d at 1051 (finding that multipliers ranging from 1.0 to 4.0 are frequently awarded in common fund cases, with slightly over half the surveyed cases awarding positive multipliers in the 1.5 to 3.0 range).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

Calculating fees as a percentage of the total settlement amount also supports the conclusion that the fees requested here are reasonable. The fee award sought represents one third of the total settlement fund. Although 25% of the total recovery is the benchmark for attorney fees in the Ninth Circuit, courts routinely award a higher percentage in similar circumstances. *See, e.g.*, *Betancourt v. Advantage Human Resourcing, Inc.*, 2016 WL 344532 at * 9 (N.D. Cal. 2016) (awarding 34.3% of settlement fund in wage and hour class action); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826 at *29 (N.D. Cal. 2011) (awarding fees that "amount to just under 42% of the settlement amount" in a wage and hour class action); *Knight v. Red Door Salons, Inc.*, 2009 WL 248367 at *5–6 (N.D. Cal. 2009) (approving of a 30% fee award in a wage and hour class action settlement); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 at *4 (E.D. Cal. 2007) (approving a 33% fee award in a wage and hour class action settlement). The upward departure from the 25% benchmark to a 33.33% award is justified here because of class counsel's significant work before settlement negotiations, including pre-filing investigation and research, broad pre-mediation discovery, preparing for and engaging in a full-day mediation session, negotiating and revising settlement documents and related forms, and attending multiple status conferences. (*See* Azadian Decl. at ¶ 40.) The upward departure is further justified by class counsel's work securing a favorable settlement early on in this case despite uncertainties surrounding defenses asserted by Defendants. (*Id.* at ¶ 28.)

The Court GRANTS Plaintiffs' motion for attorney fees.

## 4. OTHER FUNDS

Plaintiff also asks for $15,000 for litigation costs, $20,000 as a class representative enhancement award ($5,000 per class representative), and $6,000 for settlement administration costs. The Court previously approved these amounts (including a higher amount for the settlement administration costs). The Court affirms that conclusion here. The requested costs are fair and reasonable considering the nature and complexity of this case, as well as the expenses incurred in notifying class members. As for the class representative incentive award, it's a "fairly typical" feature of class action cases. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Plaintiffs Tiffany Gretler, Laura Carmona, Shelia Taylor, and Shalyse Kemp, as class representatives, assisted class counsel in developing and prosecuting this case, among other things, and the Court concludes the incentive amount is reasonable and justified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 18-02175 AG (KKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | TIFFANY GRETLER ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL. | | |

The Court APPROVES the requested costs and awards.

**5.      DISPOSITION**

The Court GRANTS Plaintiffs' motion for final settlement approval. The Court GRANTS Plaintiffs' motion for fees, costs, and other awards.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |